**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TORTILLERIA & PALETERIA JALISCO, INC.,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00255-JSM-PRL**

**EVANSTON INSURANCE COMPANY,**

**Defendant,**

______________________________________/

# ORDER

This matter is before the Court on Defendant's motion to compel discovery responses from Plaintiff. (Doc. 12). On May 6, 2026, Defendants served Plaintiff with interrogatories and a request for production. (Doc. 12-1). Plaintiff's response to the discovery requests was due by June 5, 2026. On June 9, 2026, Defendant's counsel sent a letter to Plaintiff's counsel requesting the overdue discovery responses and advising that Defendant would file a motion to compel if it did not receive discovery responses within ten days. (Doc. 12-2). To date, Plaintiff has not served discovery responses, nor has it requested an extension of time to respond. Moreover, Plaintiff has not filed a response to the instant motion and its time to do so has passed.

Because Plaintiff has failed to respond to Defendant's First Set of Interrogatories and First Request for Production of Documents, Defendant's motion to compel (Doc. 12) is hereby **granted**. Within **ten days** of this Order, Plaintiff shall serve complete answers to Defendant's First Interrogatories and shall produce all documents responsive to Defendant's First Request for Production of Documents.

With regard to Defendant's request for sanctions, the Court finds that, an award is mandated by Rule 37(a)(5)(A).[1] Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide responsive answers to discovery requests, the Court is required to award the fees and expenses incurred in filing the motion. Only if the Court determines that the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action or the Court determines that the response of the non-moving party was substantially justified or if other circumstances make an award of expenses unjust, is the Court authorized to deny the request for sanctions. None of those exceptions are presented here. Indeed, before filing this motion, counsel for Defendant corresponded with Plaintiff's counsel in efforts to obtain the discovery from Plaintiff. Further, despite having an opportunity to respond, Plaintiff has not filed a response or offered any explanation as to why it has not provided answers to the discovery requests. For these reasons, Defendant is entitled to reimbursement for the fees and expenses incurred in preparing and filing the instant motion.

Accordingly, Plaintiff is hereby ordered to pay to Defendant the reasonable expenses and attorney's fees incurred by Defendant in preparing and filing the instant motion. Defendant shall submit within **ten days** of the date of this Order an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the instant motion. To the extent that Plaintiff objects to the amount of expenses and fees claimed by Defendant, Plaintiff shall file a response within **ten days** of service of Defendant's affidavit. Upon receipt of Defendant's affidavit and any objections by

---

[1] Fed. R. Civ. P. 37(a)(5)(A) ("If [a motion to compel discovery] is granted or if the disclosure or requested discovery is provided after the motion was filed the court *must* . .. require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." (emphasis added).

Plaintiff, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing.

DONE and ORDERED in Ocala, Florida on July 27, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party