**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**TORTILLERIA & PALETERIA JALISCO, INC.,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00255-JSM-PRL**

**EVANSTON INSURANCE COMPANY,**

**Defendant,**
___________________________________/

**ORDER**

On July 27, 2026, the Court granted Defendant's motion to compel discovery responses and ordered Plaintiff to pay to Defendant the reasonable expenses and attorney's fees incurred by counsel in preparing and filing the motion to compel. (Doc. 13). The Court directed Defendant to file an affidavit supporting the request for fees and expenses and permitted Plaintiff to file a response in opposition ten days thereafter. As directed, Defendant filed the Affidavit of Michael J. Rivero, Esq. (Doc. 14). Plaintiff has not filed a response in opposition and its time to do so has passed.

While the Court has determined that Defendant has a right to recover attorney's fees associated with preparing and filing its motion to compel, the Court has a corresponding duty to ensure that such an award is reasonable. In determining a reasonable award of attorney's fees, the Court applies the federal lodestar approach, which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (per curiam). "[T]he fee applicant bears the burden of establishing

entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting Hensley, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (*quoting Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Here, Defendant seeks to recover $309.00 in attorney's fees for work performed by attorneys Alexa N. Scott and Kelsey C. King and paralegal Jacey Hooker in preparing and filing Defendant's motion to compel.

First, the Court must determine the number of hours reasonably expended on the litigation. Counsel must exercise proper "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). If fee applicants do not exercise billing judgment, courts "are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.'" *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). When a court finds the number of hours billed to be unreasonably high, a court has two choices: it may review each entry and deduct the unreasonable time, or it may reduce the number of hours by an across-the-board cut. *Bivins v. Wrap It Up, Inc.,* 548 F.3d 1348, 1350 (11th Cir. 2008).

Defendant seeks compensation for 1.50 hours spent by Ms. King, 0.20 hours spent by Ms. Scott, and 0.1 hours spent by the paralegal. Based on the Court's experience, and the absence of any objection by Plaintiff, the Court finds that Defendant's counsel reasonably expended 1.80 hours drafting and filing the motion to compel.

As for hourly rates, Defendant requests $220.00 per hour for Ms. Scott, a partner with Rivero Trial Group, PLLC, $170.00 per hour for Kelsey C. King, an associate with the firm, and $100.00 per hour for paralegal time. In his affidavit, Mr. Rivero avers that these are the hourly rates set by the representation agreement between Defendant and Rivero Trial Group, PLLC**.** A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court itself is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *See id.* at 1303. Based on the Court's experience and familiarity with rates in the Ocala Division and the Middle District of Florida, the Court finds that the requested hourly rates are reasonable.

Accordingly, within **ten days** of this Order, Plaintiff shall remit to Defendant's counsel **$309.00**[1] which represents Defendant's reasonable attorney's fees and expenses incurred in the preparation and filing of the motion to compel.

---

[1] 0.2 hours x $220 = $44.00
1.5 hours x $170 = $255.00
0.1 hours x $100 = $10.00

**DONE** and **ORDERED** in Ocala, Florida on August 21, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party